IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY SMITH,<br><br>        Plaintiff,<br><br>  v.<br><br>E. TOOTELL, et. al.,<br><br>        Defendants. | No. C 14-01159 EJD (PR)<br><br>ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK |

Plaintiff, a state prisoner at San Quentin State Prison, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983. Subsequently, he filed two separate complaints against similar Defendants stating claims arising out of a common nucleus of events. (See C 14-01438 EJD (PR) & C 14-02567 EJD (PR).) In the interest of judicial economy and efficiency, the Court ordered the matters consolidated under the above captioned case. Plaintiff has been granted leave to proceed in forma pauperis. (Docket No. 3.)

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.      Plaintiff's Claims**

In Case No. 14-01159 EJD (PR), Plaintiff claims that he has been having "dizziness/lightheadeness/hot flashes" throughout his life. He asserts that in 2013, he saw Defendant Dr. D. Reyes who referred him to hematology. After he was evaluated by hematology services in July 2013, it was recommended that he be referred to an endocrinologist for a formal evaluation for "possibility of primary or secondary hypogonadism and... for possible hormon[e] replacement." Plaintiff claims that Defendants E. Tootell, Dr. Reyes, and L. D. Zamora were all made aware of his condition, and did not make the referral to an endocrinologist. (Compl. at 3.)

In Case No. 14-01438 EJD (PR), Plaintiff claims that his dizzy spells started to bring more discomfort than usual since August 2013. He claims he informed Defendant Nurse DeLaCruz "for months" about having a "ringing in [his] inner ear" in the morning and getting "dizzy/lightheaded" when he tried to sit up. Plaintiff also informed Defendant Supervising Nurse M. Ogron on October 3, 2013, about his discomfort on some nights and of being unable to sleep due to dizziness. Plaintiff states that he was told that Defendant E. Tootell is aware of his situation. Plaintiff claims to have dizzy spells and hot flashes daily. (Compl. at 3.)

1  Lastly, in Case No. 14-02567, Plaintiff claims that a couple of times in early
2  August 2013, he got lightheaded while walking and had to sit down.  He sent Defendant
3  Nurse DelaCruz three inmate medical requests, and was finally seen by her on August 9,
4  2013.  Plaintiff informed her that his dizzy spells and lightheadedness had gotten worse,
5  to which she stated, "You look fine to me now."  Plaintiff then sent Defendant E. Tootell
6  a request for an interview, complaining of Nurse DelaCruz's indifference to his medical
7  needs.  (Compl. at 3.)

8  Liberally construed, Plaintiff's complaints against these San Quentin State Prison
9  medical officials state cognizable claims under the Eighth Amendment for their deliberate
10 indifference to serious medical needs.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976).

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaints in all three matters, all attachments thereto, and a copy of this order upon **Defendants E. Tootell, Dr. D. Reyes, L.D. Zamora, Nurse M. Ogren, and Nurse J. DelaCruz** at **San Quentin State Prison,** (San Quentin, CA 94964)**.**  The Clerk shall also mail a copy of this Order to Plaintiff.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent.

1  (This allows a longer time to respond than would be required if formal service of
2  summons is necessary.)  Defendants are asked to read the statement set forth at the foot of
3  the waiver form that more completely describes the duties of the parties with regard to
4  waiver of service of the summons.  If service is waived after the date provided in the
5  Notice but before Defendants have been personally served, the Answer shall be due **sixty**
6  **(60) days** from the date on which the request for waiver was sent or **twenty (20) days**
7  from the date the waiver form is filed, whichever is later.

8      3.    No later than **ninety (90) days** from the date of this order, Defendants shall
9  file a motion for summary judgment or other dispositive motion with respect to the claims
10 in the complaint found to be cognizable above.

11         a.    Any motion for summary judgment shall be supported by adequate
12 factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of
13 Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor
14 qualified immunity found, if material facts are in dispute.  If any Defendant is of the
15 opinion that this case cannot be resolved by summary judgment, he shall so inform the
16 Court prior to the date the summary judgment motion is due.

17         b.    **In the event Defendants file a motion for summary judgment, the**
18 **Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate**
19 **warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  See**
20 **Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012).**

21     4.    Plaintiff's opposition to the dispositive motion shall be filed with the Court
22 and served on Defendants no later than **twenty-eight (28) days** from the date Defendants'
23 motion is filed.

24 Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure
25 and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary
26 judgment must come forward with evidence showing triable issues of material fact on
27 every essential element of his claim).  Plaintiff is cautioned that failure to file an
28 opposition to Defendants' motion for summary judgment may be deemed to be a consent

by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

DATED:  8/12/2014

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JERRY SMITH,

        Plaintiff,

  v.

E. TOOTELL, et al.,

        Defendants.

Case Number: CV14-01159 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 8/12/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jerry Eugene Smith H-44485
San Quentin State Prison
San Quentin, CA 94964

Dated: 8/12/2014

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk